**PHOENIX TRANSIT SYSTEM,**
**Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 02–1165, 02-1210.

United States Court of Appeals, District of Columbia Circuit.

May 14, 2003.

Before GINSBURG, Chief Judge, and SENTELLE and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This petition for review and cross-application for enforcement of a decision and order of the National Labor Relations Board were considered on the briefs and appendix filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). For the reasons set forth in the memorandum accompanying this judgment, it is

**ORDERED** and **ADJUDGED** that the petition for review be denied and the cross-application for enforcement be granted.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

Petitioner Phoenix Transit System (PTS) seeks review of a National Labor Relations Board (NLRB) decision that PTS committed unfair labor practices by ordering employees not to discuss a sexual harassment case and later discharging an employee, Charles Weigand, for violating

that directive. Two issues are presented: whether the Board abused its discretion by not deferring to an arbitrator's decision upholding Weigand's discharge, and whether the Board's unfair labor practice findings were supported by substantial evidence.

The Board has "considerable discretion in deciding whether to defer to an arbitration decision," but must follow the standards of deference found in its own case law. *American Freight Sys., Inc. v. NLRB,* 722 F.2d 828, 832 (D.C.Cir.1983). In this case, the Board's refusal to defer was consistent with its established standards because the "unfair labor practice issue before the Board" was not "both presented to and considered by the arbitrator." *Id.* at 831. The arbitrator assumed the lawfulness of the confidentiality directive and decided only that Weigand's breach constituted a "major offense" under the contract; he did not consider whether PTS's confidentiality directive constituted an unfair labor practice.

On the merits, the Board correctly determined that employee discussions of sexual harassment by supervisors, including the discussion in Weigand's newsletter articles, constitute protected activity under Section 7 of the National Labor Relations Act, 29 U.S.C. § 157. Employees' right to discuss the terms and conditions of their employment may legitimately be restricted only if their interests are outweighed by an employer's valid confidentiality interest. *See Desert Palace, Inc.,* 336 NLRB No. 19, *2–*3, 2001 WL 1187951 (2001); *Westside Cmty. Mental Health Ctr., Inc.,* 327 NLRB 661, 666, 1999 WL 94097 (1999). Here, the Board reasonably found that PTS's directive to the employees—never to talk about the matter, at any time, to anyone, even about their *own* observations and complaints—was unduly broad, and that PTS's asserted confidentiality interest

was weak. *See Westside,* 327 NLRB at 666; *Mobil Oil Exploration & Producing,* 325 NLRB 176, 178, 1997 WL 713342 (1997); *All American Gourmet,* 292 NLRB 1111, 1130, 1989 WL 223864 (1989); *cf. Desert Palace,* 336 NLRB No. 19 at *3 (holding that a confidentiality rule was justified to protect witnesses and to preserve evidence in an ongoing investigation that involved threats of violence). PTS's assertion that the success of its sexual harassment policy depends on confidentiality lacks evidentiary support, and is particularly unconvincing in light of the fact that the confidentiality directive's effect was to silence sexual harassment witnesses and victims. For this reason, there is no merit to PTS's contention that the Board's decision conflicts with the goals of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

Finally, because the language Weigand used in his newsletters was far milder than that which the Supreme Court has held to be protected in other union publications cases, *see, e.g., Old Dominion Branch No. 496, National Ass'n of Letter Carriers v. Austin,* 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974); *Linn v. United Plant Guard Workers of America, Local 114,* 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966), and because PTS does not challenge the accuracy of Weigand's statements, much less demonstrate that they constitute "deliberate or reckless untruth," *Linn,* 383 U.S. at 63, we reject PTS's claim that the "offensive" nature of the publications strips them of their protection under the NLRA.